MEMORANDUM OPINION

 

Nos. 04-11-00128-CR,
04-11-00129-CR, 04-11-00130-CR & 04-11-00131-CR

 

Michael ARAGON,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 187th
Judicial District Court, Bexar County, Texas

Trial Court Nos. 2009CR0782,
2009CR4070, 2010CR8602 & 2010CR9414W

Honorable Raymond
Angelini, Judge Presiding

 

PER CURIAM

 

Sitting:          Catherine Stone,
Chief Justice

                     Sandee
Bryan Marion, Justice

                     Phylis J.
Speedlin, Justice

 

Delivered and
Filed:  March 30, 2011

 

DISMISSED FOR
LACK OF JURISDICTION

 

           The
trial court imposed sentence in each of the underlying causes on January 3,
2011.  Because appellant did not file a motion for new trial, the notice of
appeal was due to be filed February 2, 2011.  Tex.
R. App. P. 26.2(a)(1).  A motion for extension of time to file the
notice of appeal was due on February 17, 2011.  Tex. R. App. P. 26.3.  Appellant filed a notice of appeal on February
14, 2011, which was post-marked on February 11, 2011; however, appellant did
not file a motion for extension of time.  

           A
timely notice of appeal is necessary to invoke a court of appeals’
jurisdiction.  See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App.
1996).  A late notice of appeal may be considered timely so as to invoke a
court of appeals’ jurisdiction if (1) it is filed within fifteen days of the
last day allowed for filing, (2) a motion for extension of time is filed in the
court of appeals within fifteen days of the last day allowed for filing the
notice of appeal, and (3) the court of appeals grants the motion for extension
of time.  See id.  Because it appeared that the notice of appeal was
untimely filed in each of these appeals, this court ordered appellant to show
cause in writing by March 15, 2011, why these appeals should not be dismissed
for lack of jurisdiction.  See id.; see also Ater v. Eighth Court of
Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from
final felony conviction may be sought by filing a writ of habeas corpus
pursuant to article 11.07 of the Texas Code of Criminal Procedure).  Appellant
did not respond to this court’s order.  The appeals are dismissed for lack of
jurisdiction.

PER CURIAM

 

DO NOT PUBLISH